IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

05 NOV 23 PM 3: 43

Nationwide Life Insurance Company
One Nationwide Plaza
Columbus, Ohio 43215,

    Plaintiff,

v.

John J. Koresko, V
1159 Seaton Ross Road
Radnor, PA 19087,

    Defendant.

CASE NO. C2 05 1066

JUDGE

JUDGE SARGUS

MAGISTRATE JUDGE

MAGISTRATE JUDGE ABEL

## COMPLAINT

Plaintiff Nationwide Life Insurance Company by and through its undersigned counsel brings this action against Defendant John J. Koresko, V to obtain an Order and Judgment, pursuant to 28 U.S.C. § 2201 et seq., declaring that that Nationwide does not infringe U.S. Patent No. 6,963,852 ("the '852 patent"), and that the '852 patent is invalid.

## PARTIES

1.    Plaintiff Nationwide Life Insurance Company is a corporation organized under the laws of the State of Ohio with its principal place of business at One Nationwide Plaza, Columbus, Ohio 43215.

2.    Upon information and belief, Defendant John J. Koresko, V is an individual residing at 1159 Seaton Ross Road, Radnor, Pennsylvania 19087.

1371916v1

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 and 1338 in that it is an actual, present, and substantial controversy between the named parties that seeks a declaration of non-infringement and invalidity of the '852 patent pursuant to 35 U.S.C. § 1 et seq. The Court has the authority to grant the declaratory relief requested pursuant to 28 U.S.C. § 2201 et seq.

4.  Venue is proper in this District because a substantial part of the events and acts giving rise to these claims occurred within this District within the meaning of 28 U.S.C. § 1391.

5.  This court has personal jurisdiction over Mr. Koresko pursuant to Section 2307.382 of the Ohio Revised Code because Mr. Koresko has transacted business in the State of Ohio that is related to the claims being asserted, thereby purposefully availing himself of the privilege of acting in the State of Ohio.

6.  Mr. Koresko is subject to service of process within the meaning of Rule 4 of the Federal Rules of Civil Procedure.

## NATIONWIDE'S BUSINESS

7.  Nationwide Life Insurance Company, together with its related and affiliated companies (hereinafter collectively referred to as "Nationwide"), sells a wide variety of insurance and financial products and services.

8.  Among other things, Nationwide sells variable life insurance policies and variable annuities.

1371916v1

## THE '852 PATENT AND THE CONTROVERSY BETWEEN THE PARTIES

9. On December 26, 2002, United States Patent Application Publication No. US 2002/0198802 A1 entitled "System and Method for Creating a Defined Benefit Pension Plan Funded With A Variable Life Insurance Policy And/Or A Variable Annuity Policy" (the "Published Application") was published listing John J. Koresko V as the purported inventor.

10. In June 2005, Mr. Koresko contacted Nationwide suggesting that he might bring a claim for patent infringement once the Published Application issued as a patent alleging that "two of the methods" disclosed in the Published Application were "being employed [by Nationwide] without [] permission."

11. On November 8, 2005, the '852 patent, entitled "System and Method for Creating a Defined Benefit Pension Plan Funded With A Variable Life Insurance Policy And/Or A Variable Annuity Policy," issued from the Published Application to John J. Koresko, V as the inventor and owner. A true and correct copy of the '852 patent is attached hereto as Exhibit A.

12. Following the issuance of the '852 patent, Mr. Koresko again asserted that Nationwide infringes the '852 patent and again threatened to bring a claim for patent infringement against Nationwide.

## COUNT I

## DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '852 PATENT

13. Nationwide realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 12.

3

1371916v1

14. As a result of Mr. Koresko's assertions that Nationwide infringes the '852 patent, an actual controversy has arisen between Nationwide on the one hand, and Mr. Koresko on the other, relating to the alleged infringement of the '852 patent.

15. Nationwide has not performed any acts that infringe the '852 patent.

16. Under such circumstances, it is necessary and appropriate for the Court to declare that the Nationwide is not now, and has never, infringed the '852 patent.

## COUNT II

## DECLARATORY JUDGMENT – INVALIDITY OF THE '852 PATENT

17. Nationwide realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 16.

18. The '852 patent is invalid and fails to meet at least one or more of the conditions of patentability as set forth in Title 35 U.S.C., including §§ 102, 103 and/or 112.

WHEREFORE, Nationwide respectfully requests an order and judgment against Mr. Koresko as follows:

1. Declaring and decreeing, pursuant to 28 U.S.C. § 2201 et seq., that Nationwide has not infringed U.S. Patent No. 6,963,852;

2. Declaring and decreeing, pursuant to 28 U.S.C. § 2201 et seq., that all pertinent claims of U.S. Patent No. 6,963,852 are invalid;

3. Ordering any injunctive or other relief necessary to effectuate this claim and/or preserve this Court's jurisdiction over the parties and issues herein;

1371916v1

4. Awarding Nationwide its attorneys' fees, costs and expenses in connection with this lawsuit to the extent allowable; and

5. Ordering such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: November 23, 2005    By: *T. Earl LeVere*

T. Earl LeVere (0063515)
BRICKER & ECKLER LLP
100 S. Third Street
Columbus, OH 43215
(614) 227-2310
(614) 227-2390 (fax)
Trial Attorneys for Plaintiff
Nationwide Life Insurance Company

Jay H. Calvert, Jr.
J. Kevin Fee
Deborah Prisinzano Mikkelsen
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: 215-963-5000

Co-Counsel for Plaintiff
Nationwide Life Insurance Company