**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Nationwide Life Insurance Company,

        Plaintiff,

    v.                               Case No. 2:05cv1066
                                       Judge Michael H. Watson

John J. Koresko, V,

        Defendant.

## OPINION AND ORDER

Before the Court is the April 28, 2006 Motion of Defendant John Koresko (hereinafter "Defendant") to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. 28).  Plaintiff Nationwide Life Insurance Company (hereinafter "Plaintiff") filed a Memorandum in Opposition on May 13, 2006 (Doc. 30).

This matter is ripe for review.  For the reasons stated herein, the April 28, 2006 Motion of Defendant to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. 28) is hereby **DENIED.**

## I.    FACTS

Defendant is a citizen of Pennsylvania, and holds a patent for a defined-benefit insurance program.  Plaintiff is an insurance company, headquartered in Columbus, Ohio. After being contacted by Defendant about his defined-benefit insurance program, Plaintiff financed several trips by Defendant to Plaintiff's

Columbus headquarters between 2001 and 2002.  During a trip in April, 2001,
Defendant presented confidential material in a slide show.  Subsequent to that
meeting, Defendant signed a confidentiality agreement, which included a venue
and jurisdiction clause.  After a second meeting in July, 2002, in Columbus,
Plaintiff declined to purchase the defined-benefit insurance program.

Defendant became aware of a possible infringement of his patent by
Plaintiff in 2005, and contacted Plaintiff.  As a result, Plaintiff brought an action
against Defendant and Penn-Mont Benefit Services, Inc. (hereinafter "Penn-
Mont), *Nationwide Life Insurance Company v. Penn-Mont Benefit Services Inc. et
al.,* United States District Court for the Southern District of Ohio, 2:05cv604,[1]
seeking a declaratory judgment that the information used by Plaintiff was not
protected as a trade secret.  Defendant and Penn-Mont responded by filing suit in
Pennsylvania state court.  Plaintiff removed the Pennsylvania state court action to
the United States District Court for the Eastern District of Pennsylvania.  Plaintiff
then sought to transfer, dismiss, or stay the Pennsylvania action in favor of the
action filed in this Court. Plaintiff's transfer of venue request was granted as its
principal place of business is in Ohio, the events surrounding Defendant's and
Penn-Mont's claims took place in Ohio, and there was already a pending
declaratory judgment action involving the same parties and issues in Ohio.
*Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 403 (E.D. Pa. 2005)

---

[1] Penn-Mont is not a party to this action.  However, in addition to being a named
defendant in 2:05cv604 it is a named plaintiff in *Koresko et al v. Nationwide Life Insurance
Company,* United States District Court for the Southern District of Ohio, 2:06cv66.

## II.   ANALYSIS

### A.   *Personal Jurisdiction Pursuant to Rule 12(b)(2)*

Defendant seeks to dismiss this action for lack of personal jurisdiction

under Fed. R. Civ. P. 12(b)(2).  Plaintiff contends that specific personal jurisdiction

exists based upon the fact that the lawsuit arose from Defendant's meetings with

Plaintiff at its headquarters in Columbus.

### 1.   Ohio's Long-Arm Statute

In the Sixth Circuit, "personal jurisdiction over a defendant exists 'if the

defendant is amenable to service of process under the [forum] state's long-arm

statute and if the exercise of personal jurisdiction would not deny the defendant[ ]

due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).  Although Ohio's

long-arm statute does not extend to the limits allowed by federal due process, in

determining whether personal jurisdiction exists under Ohio's long-arm statute,

courts have consistently focused on whether there are sufficient minimum

contacts between the nonresident defendant and the forum state so as not to

offend "traditional notions of fair play and substantial justice." *Id.* at 871-72,

*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Ohio's long-arm statute provides, in part, that "a court may exercise

personal jurisdiction over a person who acts directly or by an agent, as to a cause

of action arising from the person's...transacting any business in this state."

O.R.C. § 2307.382(A)(1).  "Transacting business" is a broader term than simply

"contracting," and encompasses "prosecut[ing] negotiations; carry[ing] on

business; [and] hav[ing] dealings . . . The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion . . ." *Ky. Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St. 3d 73, 75 (1990). Determination of whether a defendant was "transacting any business" pursuant to the long-arm statute is based on "highly particularized fact situations". *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (Ohio 1994), *quoting U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.,* 68 Ohio St. 3d 181 (Ohio 1994). However, as Ohio's long-arm statute does not extend to the limits of federal due process, the definition of "transacting business" under *Kentucky Oaks* must not be construed expansively. *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 514 (6th Cir. 2006).

Turning to the matter currently before the Court, Plaintiff and Defendant did not enter into a contractual agreement and, thus, there was no ongoing obligation. Nonetheless, as transacting business is a broader term than simply contracting, the lack of a contractual agreement or continuing obligation in the forum state should not preclude the forum state from asserting jurisdiction. *See Ky. Oaks Mall*, 53 Ohio St. 3d at 75. First, Defendant clearly entered Ohio with the intention of engaging in a business arrangement, even though one did not actually result from his negotiations with Plaintiff. He originally solicited Plaintiff in 2001 in an attempt to interest Plaintiff in purchasing his patented defined-benefit

insurance system. Pursuant to those negotiations, and in continued efforts to interest Plaintiff in his system, he repeatedly visited Ohio to make sales presentations.

Second, it appears that the bulk of the contacts with the forum state were initiated by Defendant himself, rather than Plaintiff. The original contact with Plaintiff, made in an effort to interest Plaintiff in the defined-benefit insurance system, was initiated by Defendant. Further, he actually traveled to Ohio personally several times in a continued effort to sell his patented system to Nationwide. Finally, when he believed his patent was being infringed, he contacted Plaintiff a number of times in an effort to reach a resolution. Although Plaintiff did finance Defendant's trips to Ohio, all significant contacts Defendant had with Ohio were initiated by him.

Defendant claims the fact he was acting in his official capacity as a representative of Penn-Mont while dealing with Plaintiff insulates him from personal jurisdiction. However, while Ohio recognizes the fiduciary shield doctrine, it is not recognized where a representative of a corporation is personally involved in the actions which make the assertion of jurisdiction appropriate. *Walker v. Concoby*, 1999 U.S. Dist. LEXIS 21171 (N.D. Ohio 1999).

As a result, specific personal jurisdiction over Defendant is appropriate under Ohio's long-arm statute, as he clearly entered Ohio with the intention of doing business there, initiated all significant contacts with Ohio, and, if a

contractual agreement had resulted from the negotiations, a substantial portion of his duties would have been performed in Ohio.

      b.    Due Process

To determine whether the Due Process Clause is satisfied by an exercise of specific jurisdiction over a non-resident defendant, the Sixth Circuit uses a three-part test. Specifically, the defendant must have established "minimum contacts" with the forum state, which requires:

1.    the defendant must purposefully avail himself of the privilege of conducting business in the forum state;

2.    the cause of action must arise from the defendant's activities there; and

3.    the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair.

*Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998), citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 794 (6th Cir. 1996) and *Southern Machine Co. v. Mohasco Industries Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

When the first two elements of the test are met, the exercise of jurisdiction over the defendant is presumed to be fundamentally fair.  *Cole*, 133 F.3d at 436 (6th Cir. 1998), citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996). Specific jurisdiction may be premised on a single act of the defendant. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957).  However, "the

constitutional touchstone remains whether the defendant purposefully established minimum contacts in the forum state." *Nationwide*, 91 F.3d at 794 (6th Cir. 1996), *citing Burger King v. Rudzewicz*, 471 U.S. 462 (1985).

Currently, jurisdiction is appropriate under the first prong based as Defendant deliberately solicited business with Plaintiff in Ohio through telephone calls, correspondence, and personal visits. When an out-of-state defendant intentionally engages in efforts to pursue business in the forum state, especially through actual travels to that state, jurisdiction over that defendant is appropriate under the due process clause. *Serras v. First Tennessee Bank Nat'l Ass*o., 875 F.2d 1212, 1217 (6th Cir. 1989). Jurisdiction is further supported by a defendant's physical presence in the forum state, as "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there." *Burger King*, 471 U.S. at 476 (1985). Defendant repeatedly solicited Plaintiff's purchase of his patented system through letters and telephone calls, and repeatedly traveled to Ohio in pursuit of that goal. In intentionally contacting Plaintiff in Ohio for the purpose of soliciting its business there, Defendant purposefully availed himself of the privilege of doing business in Ohio and subjected himself to Ohio's jurisdiction.

Jurisdiction is further appropriate under the first prong based on Defendant's repeated threats of litigation against Plaintiff and his demands that it purchase the patent for the purpose of avoiding an infringement suit. *See American Greetings Corp. v. Cohn*, 839 F.3d 1164, 1170 (6th Cir. 1988); *CompuServe, Inc.*, 89 F.3d at 1266. Defendant did not merely apprise Plaintiff of

his belief that it was acting illegally, instead, he repeatedly made threats of litigation and sought $3,000,000.00 to forego his claim.

Under the second prong, the cause of action must arise from the defendant's activities in the forum state. A lenient standard applies when determining whether a cause of action "arises from" the defendant's activities in the forum state. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). Accordingly, the defendant's activities in the forum state must merely be "related to the operative facts of the controversy" in order for the cause of action to be considered to "arise from" the defendant's contacts with the forum. *CompuServe*, at 1267. The cause of action need not technically arise from the defendant's contacts with the forum state; it is only required "that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities." *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989).

Clearly, the cause of action at hand has a substantial connection with Defendant's contacts with Ohio and his activities in Ohio are related to the operative facts of the controversy. The operative facts of the controversy include his allegation that Plaintiff is infringing on his patent by using confidential information from his sales presentations without permission. The alleged infringement would likely have not taken place had Defendant not solicited Plaintiff repeatedly to purchase his patent and traveled to Ohio to give confidential presentations about how his patented system worked. Therefore, the cause of action for infringement clearly has a substantial connection to Defendant's

activities in Ohio, and the activities in Ohio are clearly related to the operative facts of the controversy.

A presumption exists that if the first two prongs of the test are met, the third is also met. *Cole*, 133 F.3d 433, 436 (6th Cir. 1998), *citing CompuServe*, at 1268. Only an unusual case will meet the first two prongs, and not the third. *Southern Machine*, 401 F.2d at 384. Several factors are relevant in examining the third prong, "including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Bird* v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002), *quoting CompuServe* at 1268. While it may be less convenient for Defendant to litigate in neighboring Ohio than in Pennsylvania, this inconvenience does not rise to the level of violating due process. *Burger King*, 471 U.S. at 474 (holding that modern transportation and communications mean it will not usually be unfair to require a defendant to litigate in another forum). Additionally, Plaintiff, the forum state, and other states all have an interest in seeing Defendant's claim resolved in Ohio. Although Ohio law does not apply to the claim, it is most efficient for all of the parties to have the claim resolved in Ohio, where there are currently two related cases pending which involve the same facts and issues. Moreover, it is most convenient for Plaintiff, which is headquartered in Ohio, to resolve its claims in a nearby federal court, and the state of Ohio clearly has an interest in either protecting its residents and corporations from unwarranted claims of patent infringement, or, alternatively, preventing patent infringement within its borders.

2.    *Change of Venue Pursuant to 28 U.S.C. § 1404*

28 U.S.C. § 1391(a) states:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A decision to transfer venue is made "on a individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). It is the burden of the moving party to show why the action should be transferred, and the plaintiff's choice of forum must be given considerable weight. *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214-215 (S.D. Ohio 1989). In order for a change of venue to be appropriate, the balance of convenience must weigh heavily in favor of the transfer; §1404(a) is not intended to shift an action to a forum likely to prove equally convenient or inconvenient. *Id.; Van Dusen v. Barrack*, 376 U.S. 612, 645-646 (1964). In determining whether a transfer of venue is appropriate, the court must examine the convenience of the parties and witnesses, public-interest factors, and private interest factors. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

a.    Convenience to Witnesses and Parties

Although Defendant resides in and maintains his only offices in

Pennsylvania, Plaintiff offered to accept production of relevant documents at the

offices of its counsel in Pennsylvania, eliminating any difficulties associated with

producing the relevant evidence in the Southern District of Ohio.  Additionally,

although it is unclear exactly who Defendant may call as witnesses, it is clear that

Plaintiff's personnel involved in meetings and negotiations with Defendant, as

well as any involved in the alleged infringement, reside in Ohio, rather than

Pennsylvania, making Ohio a more convenient forum for those witnesses, who

may be substantial in number.  Additionally, as two other actions involving the

same facts, parties, and witnesses are currently pending in Ohio, transferring the

action to Pennsylvania would likely cause substantial inconvenience for the

parties and witnesses involved in all three of the actions.

b.    Public Interest Factors

Public interest factors to consider when determining whether a transfer is

appropriate include congested dockets, the local interest in having disputes

resolved at home, and the desire to hold a trial in a forum that is in the same

state as the law governing the case.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-

509 (1947).  Here, there is no evidence of significant congestion in either venue.

Although the parties agree that Pennsylvania law applies regardless of where the

case is litigated, Ohio still has a great interest in the resolution of the controversy,

as the alleged infringement took place within its borders.  Further, as stated

above, Ohio has a clear interest in either preventing patent infringement from

2:05cv1066                                                                                      11

taking place within its borders or, alternatively, protecting its resident corporations from unjustified claims of patent infringement.

### c. Private Interest Factors

The private interests of the litigants to be considered include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises[...]; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 501, 508 (1947). Although Defendant expressed concerns about the expense of producing documents in Ohio, as previously stated, Plaintiff agreed to accept production of the documents at the offices of its counsel in Pennsylvania. As such, this alleged problem is eliminated. Additionally, as stated, while it is unclear who Defendant's witnesses may be, it is reasonably certain the witnesses Plaintiff will call reside in Ohio. Finally, two other related actions are pending in the Southern District of Ohio, which make transferring venue inconvenient for the parties and witnesses involved in this and the related case(s).

## III. CONCLUSION

Jurisdiction over Defendant is appropriate under Ohio's long-arm statute because he transacted business in Ohio within the meaning of the statute by entering Ohio with the intention of engaging in a business arrangement, and initiating the bulk of the contacts with Ohio. Furthermore, as transferring this action to Pennsylvania would not be substantially more convenient and, in fact,

would likely be substantially less convenient as most witnesses reside in Ohio and there are other actions pending in the Southern District of Ohio which are based upon the same facts and circumstances, a transfer of venue is not appropriate.

Accordingly, the April 28, 2006 Motion of Defendant to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404 (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Michael H. Watson
United States District Court